IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD ARMBRESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-708-ECM-CWB |
| | ) |
| CERTAIN UNDERWRITERS | ) |
| AT LLOYD'S LONDON, et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Ronald Armbrester, who is proceeding *pro se*, filed this action on September 4, 2020 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as my be appropriate." (Doc. 3). On December 4, 2020, *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e).[1] (Doc. 5). Having now conducted such review, the undersigned Magistrate Judge recommends that the Complaint be dismissed with prejudice.

**I.    Background**

The Complaint arises out of the denial of insurance coverage following a fire loss at Plaintiff's residence. (Doc. 1). According to the Complaint, the fire occurred "[o]n or about February 25, 2008." (*Id*. at p. 6). Plaintiff contends that the loss should have been covered under "homeowners policy no. 340698 … for the February 15, 2008 to February 15, 2009 period."

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

(*Id*. at p. 5).   As relief, Plaintiff seeks "compensatory [and] punitive damages, attorney fee's [sic] and the amount of his home owners insurance policy[.]"  (*Id.* at p. 21).

The Complaint further reflects, however, that Plaintiff previously filed other actions in both federal court and state court based on the same underlying facts and arguments.  (*Id.* at pp. 2-5).  It appears that the first such action was filed on or about October 6, 2015 in the United States District Court for the Northern District of Alabama and was dismissed for lack of subject matter jurisdiction.  (*Id.* at p. 2).  It appears that Plaintiff then filed a state court action in the Circuit Court of Jefferson County, Alabama on or about December 8, 2017 (*Id*. at p. 15) that was transferred to the Circuit Court of Talladega County, Alabama before being dismissed with prejudice.  (*Id*. at pp. 3 & 15).  Plaintiff avers that his ensuing appeal to the Alabama Court of Civil Appeals was dismissed on or about June 3, 2020 for lack of prosecution (*Id*. at p. 4) and that certiorari review was denied by the Alabama Supreme Court as untimely on or about July 31, 2020 (*Id*. at p. 5).

Plaintiff contends that proceedings in this court are now proper because he "have [sic] or tried to exhaust all of his State remedies before attempting to file this Claim."  (*Id*.).

**II.    Legal Standard**

It is axiomatic that federal courts are courts of limited jurisdiction and that the burden of establishing jurisdiction "rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994));  *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  *See* Fed. R. Civ. P. 12(h)(3); *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

2

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys'" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted). Nonetheless, a court does not have "license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009) (citations omitted).

### III. Discussion

The *Rooker-Feldman* doctrine[2] bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Put most simply, the doctrine serves to preclude federal district courts from exercising *de facto* appellate jurisdiction over state court judgments. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see also Casale v. Tillman*, 558 F3d 1258, 1260 (11th Cir. 2009) (*per curiam*). The doctrine applies when a claim is presented in federal court that either (1) was "actually adjudicated by a state court" or (2) is "inextricably intertwined" with a state court judgment. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). The net effect of *Rooker-Feldman* is to divest federal district courts of subject matter jurisdiction over claims that an asserting party had reasonable opportunity to present in state court. *See Id.* at 1284; *Casale*, 558 F.3d at 1260; *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009).

---

[2] The doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The face of the Complaint firmly establishes the applicability of *Rooker-Feldman*, as Plaintiff asserts on numerous occasions that the state court abused its discretion in adversely deciding the same claims now being raised in this court:

- "Circuit Judge abused his distretion [sic] by denying his bad-faith claim and all his claims" (*Id*. at p. 6);

- "The trial court abuse [sic] its distretion [sic] by denying Plaintiff [sic] claim of (Slander) … ." (*Id*. at p. 7);

- "Plaintiff argue [sic] that the Judge abuse [sic] his distression [sic] by not addressing the claims of slander and in writing libel in his dismissal.  The Judge failed to attack or address Plaintiff [sic] defamation claim."  (*Id*.);

- "Trial Judge and the defendants' [sic] completely ignore or failed to address or otherwise cite or take account of the issue's [sic] with case relied upon by [Plaintiff] at which recognized the viability of an insured claim for Post-lost fraud suppression/deceit under Alabama law against and [sic] insurance adjuster."  (*Id*. at p. 8);

- "Plaintiff argue [sic] here that the trial Court abuse [sic] its distretion [sic] when it denied [his] claim as time barred."  (*Id.* at p. 12);

- "Plaintiff that [sic] trial Court abuse [sic] its distression [sic] when it granted defendants [sic] for Summary Judgment."  (*Id*. at p. 16).

There indeed is nothing in the Complaint that reasonably can be construed as not having been "actually adjudicated by [the] state court" or as not being "inextricably intertwined" with the state court judgment.  Rather, it is clear that Plaintiff is simply attempting to obtain federal court review of claims that previously failed in state court—which is precisely what *Rooker-Feldman* arose to prohibit.  *See, e.g., Tarver v. Reynolds*, No. 2:18-cv-1034, 2019 WL 3889721, at *8 (M.D. Ala. Aug. 16, 2019) ("Once state court litigation ends, a plaintiff cannot attack a state court judgment in federal court with arguments that he or she had a reasonable opportunity to raise in state court.") (citing *Casale*, 558 F.3d at 1260); *see also Target*, 881 F.3d at 1281 ("The doctrine is designed to ensure that the inferior federal courts do not impermissibly review decisions of the state courts— a role reserved to the United States Supreme Court.").

Equally problematic is that the Complaint contains no assertions regarding jurisdiction. If jurisdiction is predicated upon a federal question, the plaintiff must show that he is bringing a cause of action under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. If jurisdiction is predicated upon diversity of citizenship, the plaintiff must show that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and is between:

    a.   citizens of different States;

    b.   citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    c.   citizens of different States and in which citizen or subjects of a foreign state are additional parties; and

    d.   a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

*See* 28 U.S.C. § 1332(a).[3]

Here, the Complaint in various places refers to state law claims for "bad faith," "slander," "post-loss fraud suppression/deceit," and "breach of contract" (Doc. 1 at pp. 6-8 & 19)—none of which can be said to arise "under the Constitution, laws, or treaties of the United States" so as to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Complaint also is devoid of facts sufficient to establish diversity jurisdiction. *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

---

[3] For natural persons, "[c]itizenship, not residence, is the key fact that must be alleged" to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted)). A corporation is deemed a citizen for the purposes of diversity jurisdiction as to both its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

**II.     Conclusion**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice prior to service of process.

It is hereby ORDERED that any objections to this Recommendation must be filed no later than January 6, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusory, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resol. Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 23rd day of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**