IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD ARMBRESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-708-ECM-CWB |
| ) | |
| CERTAIN UNDERWRITERS ) | |
| AT LLOYD'S LONDON, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Ronald Armbrester, who is proceeding *pro se*, filed this action on September 4, 2020 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 3). On December 4, 2020, *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e).[1] (Doc. 5).

After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order dated March 30, 2023 (Doc. 14) directing Plaintiff to show cause by April 13, 2023 as to why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 14). The March 30, 2023 Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint. (*Id*.). Plaintiff further was cautioned that "**failure to timely comply with the requirements of this Order will be viewed as an abandonment of his claims and will result in a**

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

**recommendation that the action be dismissed in its entirety**." (*Id.* at p. 4) (emphasis in original). Rather than filing a substantive response, however, Plaintiff moved "for leave to object to the dismissal [of] case no. 2:20-cv-708-ECM-CBW [sic] filed by Judge Chad W. Bryan for lack of subject matter jurisdiction 28 U.S.C 1332(a)." (Doc. 16 at p. 1). The Magistrate Judge construed that request as a motion for an extension of time to file a response to the Order to Show Cause and afforded Plaintiff until May 10, 2023 to file such a response. (Doc. 17 at p. 1). Plaintiff again was warned that "**failure to timely comply with the requirements of this Order will be viewed as an abandonment of his claims and will result in a recommendation that the action be dismissed in its entirety**." (*Id.* at p. 1). Nonetheless, Plaintiff failed to file a response by the extended deadline.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. Considering Plaintiff's willful failure to comply with instructions to respond to the Order to Show Cause, the Magistrate Judge finds that any sanction lesser than dismissal would not be appropriate under the circumstances. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

2

Dismissal also would be proper for the reasons set forth in the March 30, 2023 Order. (Doc. 14).  In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Most notably, Plaintiff has failed to articulate any basis for the court to exercise subject matter jurisdiction, *i.e.*, Plaintiff has not identified any federal authority under which he brings his claims <u>or</u> alleged sufficient facts to support diversity jurisdiction.  The Complaint in various places refers to state law claims for "bad faith," "slander," "post-loss fraud suppression/deceit," and "breach of contract"—none of which can be said to arise "under the Constitution, laws, or treaties of the United States" so as to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 at pp. 6-8 & 19). And the Complaint is lacking in factual allegations sufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  Plaintiff thus has failed to satisfy the pleading requirement of Rule (8)(a)(1) that the Complaint contain "a short and plain statement of the grounds for the court's jurisdiction."  When a plaintiff cannot or does not put forth sufficient jurisdictional averments, the action should be dismissed.  *See, e.g., Gamble v. Allstate Ins. Co.*, No. 22-12861, 2023 WL 334385, *1 (11th Cir. Jan. 20, 2023) ("Because the district court had no reason to think that it had power to hear this lawsuit, it had no choice but to dismiss Gamble's amended complaint."); *see also* Fed. R. Civ. P. 12(h)(3).[2]

---

[2] Although the Complaint asserts in its introductory section that the "policies, custom, and practices [of Certain Underwriters at Lloyd's London] violated Ambrester's clearly established due process and Constitutional Rights under the color of State Law," neither the designated defendant nor any other defendant is a state actor against whom such a claim could be asserted. To the extent Plaintiff has attempted to state a claim under 42 U.S.C. § 1983, it thus would be subject to summary dismissal as "frivolous" under § 1915(e)(2)(B)(i). *See, e.g., Martin v. Pickett*, No. 3:08-cv-511-TMH, 2008 WL 3287029, *2 (M.D. Ala. July 15, 2008) ("The court, therefore, concludes that Plaintiff's complaint against these Defendants is frivolous on the basis that they are not state actors."). *See also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Plaintiff also has failed to address the court's concern that his claims are barred by the doctrine of *res judicata*. (Doc. 14 at p. 3). The Complaint arises out of the denial of insurance coverage following a fire loss at Plaintiff's residence, and Plaintiff contends that the loss should have been covered under his homeowner's insurance policy. (Doc. 1). The Complaint also reflects, however, that Plaintiff previously filed other actions in both federal court and state court based on the same underlying facts and arguments. (*Id.* at pp. 2-5). It appears that the first such action was filed on or about October 6, 2015 in the United States District Court for the Northern District of Alabama and was dismissed for lack of subject matter jurisdiction. (*Id.* at p. 2). It further appears that Plaintiff then filed a state court action in the Circuit Court of Jefferson County, Alabama on or about December 8, 2017 (*id*. at p. 15) that was transferred to the Circuit Court of Talladega County, Alabama before being dismissed with prejudice (*id*. at pp. 3 & 15). Plaintiff avers that his ensuing appeal to the Alabama Court of Civil Appeals was dismissed on or about June 3, 2020 for lack of prosecution (*id*. at p. 4) and that certiorari review was denied by the Alabama Supreme Court as untimely on or about July 31, 2020 (*id*. at p. 5).

Under the circumstances presented, the judgment entered against Plaintiff in the prior state court action would bar the claims being asserted in this action. Under the claim preclusion prong of *res judicata*, "a final judgement on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Claim Preclusion applies when there is (1) "a prior judgment on the merits," (2) "rendered by a court of competent jurisdiction," (3) "with substantial identity of the parties," and (4) "with the same cause of action presented in both actions."

4

*Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).[3] The allegations of the Complaint and the exhibits annexed thereto demonstrate all such elements to be satisfied. Indeed, Plaintiff himself has even acknowledged that the claims are substantially identical: "Plaintiff have [sic] or tried to exhaust all of his State remedies before attempting to file this Claim." (Doc. 1 at p. 5).[4]

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(i).  *See Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (affirming dismissal under the § 1915(e) "frivolous" prong where subject matter jurisdiction was found to be lacking); *Hawley v. Bd. of Regents of the Univ. Sys. of Ga.,* 203 F. App'x. 997 (11th Cir. 2006) (affirming dismissal of claims under the § 1915(e) "frivolous" prong where they were barred by *res judicata*).

Any party may file written objections to this Recommendation.  Such objections must be filed with the Clerk of Court no later than **June 6, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted.  An objecting party also must identify any claim that the Recommendation has not addressed.  Frivolous, conclusive, or general objections will not be considered.

---

[3] Federal courts must apply the rendering state's law of preclusion when considering whether to give preclusive effect to state court judgments under *res judicata*. *See Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

[4] The court's March 30, 2023 Order raised the issue of claim preclusion, stated that "[i]t appears on initial review that the judgment entered against Plaintiff in the prior state court action would satisfy the claim preclusion standard," and specifically directed Plaintiff to "inform the court as to whether this action differs in any respect from the prior action litigated in the Circuit Court of Talladega County, Alabama as Case Number CV-18-115."  (Doc. 14 at p. 4).

5

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this 23rd day of May 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**